CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2016

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DAVID B. BRIGGMAN, | ) |
| | ) Civil Action No. 5:15CV00076 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| ELIZABETH KELLAS BURTON, Chief | ) Chief United States District Judge |
| Judge, 26th Judicial District, Juvenile and | ) |
| Domestic Relations Court, in her official | ) |
| capacity, et al., | ) |
| | ) |
| Defendants. | ) |

David B. Briggman, proceeding pro se, filed this action against Elizabeth Kellas Burton, Kevin C. Black, and Hugh David O'Donnell in their official capacities as Judges of the Juvenile and Domestic Relations District Courts ("JDR Courts") of the Commonwealth of Virginia's 26th Judicial District, asserting claims under 42 U.S.C. § 1983 and Virginia law. By order entered November 3, 2015, all dispositive motions in the case were referred to United States Magistrate Judge Joel C. Hoppe, pursuant to 28 U.S.C. § 636(b)(1)(B). The defendants subsequently moved to dismiss the plaintiff's amended complaint. The magistrate judge has since issued a report and recommendation, in which he recommends that the court (1) deny without prejudice the defendants' motion; (2) abstain from moving forward with Briggman's claims; and (3) stay the case until all potentially dispositive issues of state law have been resolved by the courts of the Commonwealth of Virginia. For the following reasons, the court declines to adopt the magistrate judge's report and recommendation. The court will dismiss Briggman's claims for relief under § 1983 and decline to exercise jurisdiction over his claims under state law.

## Background

The following factual allegations, taken from Briggman's amended complaint and his brief in opposition to the defendants' motion to dismiss, are accepted as true for purposes of the defendants' motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (emphasizing that "a judge must accept as true all of the factual allegations contained in the complaint" when ruling on a motion to dismiss); Davis v. Bacigalupi, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010) ("In testing the sufficiency of the pro se Plaintiff's Complaint under Rule 12(b)(6), the Court will also consider the allegations made in the Plaintiff's memorandum filed in opposition to the Defendants' motion to dismiss . . . .") (citing cases).

Briggman, a resident of Rockingham County, alleges that the defendants have improperly barred him from entering the JDR Courts' courtrooms in Harrisonburg, Virginia to observe certain proceedings conducted in cases in which he was not a party. Briggman specifically complains of being excluded from proceedings in child support enforcement actions brought by the Virginia Division of Child Support Enforcement against other individuals. On October 16, 2015 and October 26, 2015, respectively, Briggman was denied access to a "bond hearing" and a "contempt review proceeding" in an enforcement action brought against Scott Alan Gill. Am. Compl. ¶¶ 17, 19. On October 19, 2015, Briggman was denied access to a "sentence review hearing" in an enforcement action brought against Richard Stoneberger. Id. at ¶ 18. Briggman alleges that no written findings were made as to why he was not allowed to observe these proceedings.

Briggman also alleges that, on one occasion in November of 2015, he was told that a courtroom in Harrisonburg was closed during the JDR Courts' "adult criminal docket." Id. at ¶ 20. On another day, however, Briggman "was allowed access to [a] criminal hearing" conducted in Harrisonburg. Pl.'s Br. in Opp'n to Judges' M. to Dismiss 6.

2

Case 5:15-cv-00076-GEC-JCH  Document 55  Filed 09/27/16  Page 2 of 11  Pageid#: 451

Briggman commenced the instant action on November 3, 2015. He then filed an amended complaint on November 23, 2015. In Count One of the amended complaint, Briggman claims that the judges violated his rights under the First Amendment to the United States Constitution by refusing to allow him to observe child support enforcement and criminal proceedings conducted in the JDR Courts' courtrooms in Harrisonburg. In Count Two of the amended complaint, Briggman claims that the judges violated his rights under Article I, Section 8 of the Constitution of Virginia by denying access to court proceedings. In his brief in opposition to the judges' motion, Briggman also claims that the judges violated Virginia Code § 16.1-302(c), which governs the closure of courtrooms in JDR courts, and provides that "[i]f the proceedings are closed, the court shall state in writing its reasons . . . ." Va. Code § 16.1-302(c).[1]

In addition to seeking injunctive relief, Briggman requests that the court issue the following "declaration":

a. Defendants have violated the First Amendment rights of plaintiff to attend hearings in the Harrisonburg-Rockingham County Juvenile and Domestic Relations Court courtrooms;

b. Defendants have failed to make any findings justifying the closure of the Harrisonburg-Rockingham County Juvenile and Domestic Relations Court courtrooms;

c. The denial of constitutional access to hearings in the Harrisonburg-Rockingham County Juvenile and Domestic Relations Court courtrooms has caused plaintiff to suffer irreparable harm; and

---

[1] Section § 16.1-302(c) provides in full as follows:

The general public shall be excluded from all juvenile court hearings and only such persons admitted as the judge shall deem proper. However, proceedings in cases involving an adult charged with a crime and hearings held on a petition or warrant alleging that a juvenile fourteen years of age or older committed an offense which would be a felony if committed by an adult shall be open. Subject to the provisions of subsection D for good cause shown, the court may, sua sponte or on motion of the accused or the attorney for the Commonwealth close the proceedings. If the proceedings are closed, the court shall state in writing its reasons and the statement shall be made a part of the public record.

3

d.  To comply with [federal constitutional] mandates, defendants must allow members of the public to attend hearings in the Harrisonburg-Rockingham Juvenile and Domestic Relations courtrooms.

Am. Compl. at 11-12.

## Standard of Review

The judges have moved to dismiss Briggman's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the sufficiency of the plaintiff's complaint, which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see also Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Erickson, 551 U.S. at 94; see also Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## Discussion

### I.  Claims for relief under § 1983

Briggman asserts claims for relief under § 1983 against Burton, Black, and O'Donnell in their official capacities as state court judges. Section 1983 provides a private right of action for a violation of constitutional rights by persons acting under the color of state law. As set forth

4

above, Briggman seeks both injunctive and declaratory relief for the alleged violations of his First Amendment rights.

### A. Injunctive Relief

Briggman's claim for injunctive relief is barred by the plain language of § 1983. The statute restricts "action[s] brought against a judicial officer for an act or omission taken in such officer's judicial capacity," and expressly precludes injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Thus, "the plain language of § 1983 allows suits for injunctions only after a litigant has sought a declaratory judgment." Ward v. City of Norwalk, 640 F. App'x 462, 467 (6th Cir. 2016); see also Lepelletier v. Tran, 633 F. App'x 126, 127 (4th Cir. 2016) (concluding that the appellant's "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . were barred by the plain language of 42 U.S.C. § 1983"). Because Briggman does not allege that a declaratory decree was violated or that declaratory relief is unavailable, and since the requested injunctive relief arises from actions taken in the judges' official capacities, Briggman's claim for injunctive relief must be dismissed.

### B. Declaratory Relief

Although § 1983 "does not expressly authorize suits for declaratory relief against judges," it "implicitly recognizes that declaratory relief is available in some circumstances." Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197-98 (3d Cir. 2000). However, those circumstances are limited by the Eleventh Amendment, which "protects the states from suit in federal court, as well as 'arm[s] of the State and State officials.'" Lawson v. Gault, 828 F.3d 239, 2016 U.S. App. LEXIS 12518, at *19 (4th Cir. 2016) (quoting Bland v. Roberts, 730 F.3d 368, 390 (4th Cir. 2013); see also Harter v. Vernon, 101 F.3d 334, 337 (4th Cir. 1996) ("[Eleventh

5

Amendment] immunity applies to . . . state employees acting in their official capacity.") (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court recognized an exception to Eleventh Amendment immunity that allows individuals to seek prospective relief against state officials who violate federal laws or the Constitution. To fall within this exception, a plaintiff's complaint must allege an "ongoing violation of federal law," and seek relief that is "properly characterized as prospective." Verizon Md., Inc. v. PSC, 535 U.S. 635, 645 (2002) (citation and internal quotation marks omitted). The pivotal question is whether the requested relief "serves directly to bring an end to a present violation of federal law." Papasan v. Allain, 478 U.S. 265, 278 (1986). Relief that is "tantamount to an award of damages for a past violation of federal law, even though styled as something else," is barred.[2] Id. at 278; see also Int'l Coalition for Religious Freedom v. Maryland, 3 F. App'x 46, 49 (4th Cir. 2001) (emphasizing that the "limited exception" created by Ex parte Young provides only for prospective relief from a continuing violation of federal law, and "not for declaratory relief for a past violation of federal law") (citing Green v. Mansour, 474 U.S. 64, 68 (1982)).

Applying these principles, the court is unable to conclude that Briggman seeks the type of relief authorized by Ex parte Young. First, Briggman has not alleged an ongoing violation of his rights under federal law. He instead alleges that he was denied access to JDR courtrooms in Harrisonburg on four occasions, while he was admittedly granted access to a proceeding in the Harrisonburg-Rockingham County JDR Court on another occasion. Moreover, his amended complaint seeks declaratory relief that cannot be characterized as prospective, specifically a

---

[2] Likewise, in order to have standing to seek prospective declaratory relief, a plaintiff "must establish an ongoing or future injury that is 'certainly impending'; he may not rest on past injury." Arpaio v. Obama, 797 F.3d 11, 19 (D.C. Cir. 2015) (quoting Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013)).

6

declaration that the defendants "have violated the First Amendment rights of plaintiff to attend hearings in the Harrisonburg-Rockingham County Juvenile and Domestic Relations Court," and that the denial of access "has caused plaintiff to suffer irreparable harm." Am. Compl. at 11 (emphasis added). Ex parte Young and its progeny make clear that this exception to Eleventh Amendment immunity "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." Buchwald v. University of New Mexico School of Medicine, 159 F.3d 487, 495 (10th Cir. 1998) (citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)); see also Papasan, 478 U.S. at 278. Accordingly, such relief is barred by the Eleventh Amendment.

Briggman also seeks, as part of his claim for declaratory relief, a declaration that "defendants must allow members of the public to attend hearings in the Harrisonburg-Rockingham County Juvenile and Domestic Relations courtrooms" in order to comply with the First Amendment. Am. Compl. at 12. Even assuming that this particular request for relief falls within the Ex parte Young exception, and that Briggman has standing to pursue such claim, the court nonetheless concludes that such relief is unavailable under existing precedent.

"The First Amendment, in conjunction with the Fourteenth, prohibits governments from 'abridging the freedom of speech . . . .'" Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 575 (1980) (quoting U.S. CONST. amend. I). This protection of speech includes a qualified right of access to criminal trials, which was first recognized by the Supreme Court in Richmond Newspapers. Id. at 580. The Court has since found that the public has a right of access to voir dire proceedings during criminal trials, Press-Enter. Co. v. Superior Court, 464 U.S. 501, 511 (1984), and to certain preliminary criminal hearings. See El Vocero de P.R. v. Puerto Rico, 508 U.S. 147, 149-50 (1993) (preliminary criminal hearings as conducted in Puerto Rico); Press-Enters. Co. v. Superior Court, 478 U.S. 1, 10 (1986) (preliminary criminal hearings as

7

conducted in California). While "the Supreme Court has not addressed whether the First Amendment's right of access extends to civil trials or other aspects of civil cases, . . . most circuit courts, including the Fourth Circuit, have recognized that the First Amendment right of access extends to civil trials and some civil filings." ACLU v. Holder, 673 F.3d 245, 252 (4th Cir. 2011) (collecting cases). It is well-settled, however, that this right of access is "not absolute," and that "a state may deny access to a portion of a criminal [or civil] trial if it demonstrates that denial of access is necessitated by a compelling government interest and is narrowly tailored to serve that interest." Id.

To determine whether the First Amendment provides a qualified right of access, courts "employ the 'experience and logic' test, asking: '(1) whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 291 (4th Cir. 2013) (quoting Balt. Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989)). Fourth Circuit "precedent makes clear that both the experience and logic prongs are required." Id. (emphasis added); see also Del. Coalition for Open Gov't, Inc. v. Strine, 733 F.3d 510, 514 (3d Cir. 2013) ("In order to qualify for public access, both experience and logic must counsel in favor of opening the proceeding to the public.").

Thus, in order to state a claim for denial of access, Briggman must plausibly allege that both prongs of the experience and logic test mandate that the presumption of openness applies to the proceedings at issue. Briggman's amended complaint fails in this regard. The amended complaint does not allege that juvenile court proceedings have been historically open to the public. To the contrary, such proceedings "have been historically closed to the public." Ky. Press Ass'n v. Commonwealth, 355 F. Supp. 2d 853, 864 (E.D. Ky. 2005); see also Natural Parents of J.B. v.

8

Fla. Dep't of Children and Family Servs., 780 So.2d 6, 9 (Fla. 2001) (observing that "juvenile proceedings have historically been closed to the public in furtherance of the overriding interest in, among other things, protecting the child from stigma, publicity, and embarrassment, and promoting rehabilitation," and that "[a]ll fifty states have some form of shield law to limit public access to proceedings involving juveniles"); San Bernardino County Dep't of Public Social Servs. v. Superior Court, 232 Cal. App. 3d 188, 198 (Cal. Ct. App. 1991) ("[I]t is clear and there can be no dispute that the history of the juvenile system has been one of private hearings, not public."); In re N.H.B., 769 P.2d 844, 849 (Utah Ct. App. 1989) ("Unlike criminal trials, juvenile proceedings have not been historically open."); In re J.S., 438 A.2d 1125, 1127 (Vt. 1981) ("Far from a tradition of openness, juvenile proceedings are almost invariably closed."). Consequently, with respect to the child support enforcement proceedings in which Briggman is "most interested," Pl.'s Br. in Opp'n to Judges' Mot. to Dismiss 5, Briggman has not stated a claim for denial of the right of access under the First Amendment. See Holder, 673 F.3d at 252 (emphasizing that both prongs of the experience and logic test must be met); see also Capital Cities Media, Inc. v. Chester, 797 F.2d 1164, 1175 (3d Cir. 1986) (affirming the dismissal of an amended complaint that "failed to allege that a tradition of public access exists").

Moreover, even if Briggman could meet both prongs of the experience and logic test, "access is still not guaranteed." ACLU, 673 F.3d at 252. Instead, as explained above, the state may deny access to a proceeding "if it demonstrates that denial of access is necessitated by a compelling government interest and is narrowly tailored to serve that interest." Id. at 252; see also N.Y. Civ. Liberties Union v. N.Y. City Transit Auth., 652 F.3d 247, 264 (2d Cir. N.Y. 2011) ("The First Amendment right of access is always qualified. 'Just as a government may impose reasonable time, place, and manner restrictions upon the use of its streets in the interest of such

9

objectives as the free flow of traffic, so may a trial judge, in the interest of the fair administration of justice, impose reasonable limitations on access to a trial.'") (quoting Richmond Newspapers, 448 U.S. at 581 n. 18). Because the necessity and propriety of closure must be determined "on a case-by-case basis," Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 609 (1982), Briggman is not entitled to the declaratory relief requested in the amended complaint, namely a declaration that "defendants must allow members of the public to attend hearings in the Harrisonburg-Rockingham County Juvenile and Domestic Relations courtrooms." Am. Compl. at 12.[3]

For all of these reasons, the court concludes that Briggman's claims for injunctive and declaratory relief under § 1983 must be dismissed. Accordingly, the judges' motion will be granted with respect to these claims.

## II. Claims under state law

Having dismissed the federal claims forming the basis of the court's exercise of jurisdiction over this dispute, the court declines to exercise supplemental jurisdiction over the remaining claims asserted under state law. See 28 U.S.C. § 1367(c)(3). Accordingly, the state law claims will be dismissed without prejudice.

## Conclusion

For the reasons stated, the court declines to adopt the report and recommendation issued by the magistrate judge. The defendants' motion to dismiss will be granted with respect to the

---

[3] In passing, the court notes that the plaintiff is not without a remedy in the event that he is denied access to a future proceeding in JDR Court. As the magistrate judge observed in his report and recommendation, members of the public may move to intervene in a case for the limited purpose of asserting an objection to the JDR Court's ruling barring them from the courtroom. See Hertz v. Times-World Corp., 528 S.E.2d 458, 609 (Va. 2000). Should the plaintiff again be denied redress, he may appeal an adverse ruling to the Circuit Court for the County of Rockingham.

10

plaintiff's claims under federal law. The remaining claims under state law will be dismissed without prejudice.

The Clerk is directed to send copies of this order and the accompanying memorandum opinion to the plaintiff and all counsel of record.

DATED: This 27th day of September, 2016.

_____
Chief United States District Judge

11

Case 5:15-cv-00076-GEC-JCH   Document 55   Filed 09/27/16   Page 11 of 11   Pageid#: 460